## THE STATE VS. HESTER.

Where the same order of the County Court, appointing an overseer of the public road, also defines the boundaries of the road, it is sufficient evidence, on the trial of an indictment for not keeping the road in repair, of the appointment, and that the district was laid off.

*Appeal from Washington Circuit Court.*

Hon. JOHN M. WILSON, Circuit Judge.

Mr. Attorney General HOLLOWELL, for the State.

Mr. Justice COMPTON delivered the opinion of the Court.

The appellee, Ransom Hester, was tried upon an indictment preferred against him as overseer of the road.

He was acquitted, and the State appealed.

From a bill of exceptions taken at the trial, it appears that the attorney for the State proposed to read to the jury the following entries from the record of the County Court of Crawford county, in connection with other evidence conducing to show that they referred to the road of which the appellee was overseer, to-wit:

" Ordered that Ransom Hester be and he is hereby appointed overseer of the first district of the Huntsville road, commencing at the corporation line, and terminating at the crossing of the west fork of White river."

" Ordered by the Court that Amos Oützen, a Justice of the Peace, be and he is hereby appointed apportioning justice in and for the township of Prairie for the next two years, for the purpose of apportioning the hands liable to work on the roads in said township among the different overseers thereof."

To the reading of which the appellee objected, for the reason, as stated in the bill of exceptions, that no record was first read in evidence, showing said road to have been districted by the County Court—the prosecuting attorney announcing that the entries proposed to be read, were the only records he had to offer—and the court sustained the objection of the appellee, and refused to permit said records to be read to the jury.

It is made the duty of the County Court, to lay off the public roads, in each county, into convenient districts, with definite boundaries, and to appoint an overseer for each district. *Gould's Digest, chap.* 149, *sec.* 5. But it is not necessary, in the discharge of this duty, that two separate and distinct record entries should be made, the one districting the road, and the

other appointing the overseer. That both requirements may be complied with in the same order, we think there can be no doubt; and, in this case, the order appointing the appellee overseer, also indicates the boundaries of his road district, which is a substantial compliance with the statute.

The court erred, therefore, in excluding the evidence.

Let the judgment be reversed.